JAMES M. BIRKELUND, Bar No. 206328
Climate Change Law Foundation
548 Market St., #11200
San Francisco, CA 94104
james@climatechangelaw.org
Tel: 415-602-6223; Fax: 415-789-4556

*Attorney for Plaintiffs Climate Change Law Foundation and Association of Irritated Residents*

MAYA GOLDEN-KRASNER, Bar No. 217557
The Center for Biological Diversity
P.O. Box 1476
La Canada Flintridge, CA 91012
mgoldenkrasner@biologicaldiversity.org
Tel: 213-215-3729; Fax: 510-844-7150

*Attorney for Plaintiff Center for Biological Diversity*

ELIZABETH BENSON, Bar No. 268851
Sierra Club
85 Second Street, 2nd Floor
San Francisco, CA 94105
elly.benson@sierraclub.org
Tel: 415-977-5723; Fax: 415-977-5793

*Attorney for Plaintiff Sierra Club*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, ASSOCIATION OF IRRITATED RESIDENTS, SIERRA CLUB, and CLIMATE CHANGE LAW FOUNDATION,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; GINA MCCARTHY, in her official capacity as Administrator of the United States Environmental Protection Agency; and JARED BLUMENFELD, in his official capacity as Regional Administrator of the United States Environmental Protection Agency,<br><br>Defendants. | Case No:<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**INTRODUCTION**

1. This is an action to compel the Administrator of the United States Environmental Protection Agency ("EPA" or "Administrator") to fulfill mandatory duties under the federal Clean Air Act to ensure that the citizens of California have adequate protections against air pollution from an oil refinery in Bakersfield, California.

2. The refinery – the Alon USA – Bakersfield, California Refinery facility ("Refinery" or "Alon") – sought and received approval for an Authority to Construct permit / Certificate of Conformity ("Permit") from the San Joaquin Valley Air Pollution Control District ("Air District") pursuant the federal Clean Air Act. The Permit allows Alon to modify its Bakersfield refinery to restart crude refining, and expand the refinery's crude rail terminal to accommodate a five-fold increase in the Refinery's capacity to import crude oil, from 40 tank cars per day to 208 tank cars per day, or up to 63.1 million barrels of crude per year (hereinafter, the "Project"). This will allow the Refinery to run at its full capacity, processing 70,000 barrels of oil per day.

3. Allowing the Project to move forward will significantly increase harmful air pollution that will exacerbate the poor air quality and respiratory illnesses that plague San Joaquin Valley communities already unfairly burdened with industrial pollution.

4. The Permit was issued pursuant to the Title V of the Clean Air Act and is a modification of the Refinery's existing federal Title V operating permit. As a modification of a Title V permit, the Permit was required to be submitted to EPA for a 45-day review period before it became final. 42 U.S.C. §§ 7661d(a)(1), (b)(1). EPA did not object to the Permit during the 45-day review period.

5. Therefore, the Association of Irritated Residents ("AIR"), Center for Biological Diversity (the "Center"), and Sierra Club (collectively, "Petitioners" or "Plaintiffs") filed a petition ("Petition") with EPA in December 2014, requesting that EPA object to the Air District's proposed Permit for the Refinery. *See* 42 U.S.C. § 7661d(b)(2) (authorizing such petitions).

6. Title V of the Clean Air Act establishes a mandatory 60-day deadline for EPA to grant or deny a citizen petition for an objection to a Title V permit, modification, or renewal. *Id*.

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**      1

7. Although more than 60 days have passed, the EPA Administrator has not acted on the Petition. The EPA Administrator has therefore failed to complete her non-discretionary duty and is in violation of the Clean Air Act. Plaintiffs seek a declaration stating that the Administrator is in violation of the Act and an order compelling the Administrator to grant or deny the Petition.

## JURISDICTION, NOTICE, AND VENUE

8. The instant action arises under the Clean Air Act, 42 U.S.C. §§ 7401 *et seq*. This Court has jurisdiction over this action pursuant to 42 U.S.C. § 7604 and 28 U.S.C. §§ 1331 and 1361. The relief requested by Plaintiffs is authorized pursuant to 42 U.S.C. § 7604 and 28 U.S.C. §§ 2201, 2202, and 1361. 42 U.S.C. § 7604(d) authorizes this Court to award Plaintiffs their costs and attorneys' fees.

9. In accordance with 42 U.S.C. § 7604(b)(2) and 40 C.F.R. Parts 54.2 and 54.3, Plaintiffs notified the Administrator of the violations alleged herein, and of Plaintiffs' intent to initiate the present action. This notice was provided via certified mail by letter dated December 14, 2015 and addressed to the Administrator. More than 60 days have passed since notice was served, and the violation complained of is continuing.

10. Venue is proper in this Court pursuant to 28 U.S.C. section 1391(e). Defendant EPA resides in this judicial district. EPA Region 9, which is responsible for implementation and enforcement of the Clean Air Act within California, is headquartered in San Francisco. Climate Change Law Foundation, the Center for Biological Diversity, and Sierra Club have offices in this judicial district. This civil action is brought against an officer of the United States acting in his or her official capacity and a substantial part of the events or omissions giving rise to the claims in this case occurred in the Northern District of California.

## PARTIES

11. Plaintiff Association of Irritated Residents is a California non-profit corporation based in Kern County. AIR formed in 2001 to advocate for clean air and environmental justice in San Joaquin Valley communities. AIR has several dozen members who reside in Kern, Tulare, Kings, Fresno, and Stanislaus Counties. AIR members, through themselves, their families, and

friends, have direct experience with the many health impacts that arise from the type of pollution emissions associated with this Project.

12. Plaintiff Center for Biological Diversity is a non-profit corporation with offices in Oakland, Los Angeles, and elsewhere throughout California and the United States. The Center is actively involved in environmental protection issues throughout California and North America and has over 47,000 members, including many throughout California and in Kern County. The Center's mission includes protecting and restoring habitat and populations of imperiled species, reducing greenhouse gas pollution to preserve a safe climate, and protecting air quality, water quality, and public health. The Center's members and staff include individuals who regularly live, work, recreate and visit Kern County.

13. Plaintiff Climate Change Law Foundation ("CCLF") is a California non-profit corporation based in San Francisco. CCLF's core mission is to address climate change and related environmental problems through legal advocacy. The organization engages in legal and policy matters that include climate change, alternative energy, air quality, and environmental and natural resources law. CCLF has members who reside in and regularly use, and intend to continue to use, areas in Kern County and surrounding regions that will be affected by the Project and emissions of pollution it will generate.

14. Plaintiff Sierra Club is a national nonprofit organization of approximately 630,000 members. Sierra Club is dedicated to exploring, enjoying, and protecting the wild places of the earth; to practicing and promoting the responsible use of the earth's ecosystems and resources; to educating and encouraging humanity to protect and restore the quality of the natural and human environment; and to using all lawful means to carry out these objectives. Sierra Club and its members are greatly concerned about the effect of air pollution on human health and the environment. Sierra Club has approximately 600 members in Kern County.

15. Plaintiffs are "persons" within the meaning of 42 U.S.C. § 7602(e). As such, Plaintiffs may commence a civil action under 42 U.S.C. § 7604(a).

16. Plaintiffs' members live, work, recreate and conduct other activities in areas where their health and welfare are adversely affected or threatened by air pollution caused by the Project.

17. By this action, Plaintiffs seek to protect the health, welfare, and economic interests of their members and the general public. Plaintiffs' members and staff have an interest in their health and well-being, and in the health and well-being of others, including the residents of Kern County. The acts and omissions of EPA complained of herein have caused and continue to cause injury to Plaintiffs and their members by authorizing modifications to the Refinery that will significantly increase harmful air pollution from the Refinery and impair or threaten members' and the public's health and welfare, as well as recreational, aesthetic, and environmental interests.

18. Plaintiffs' interests and their members' interests have been, are being, and will continue to be harmed by EPA's failure to act on the Petition to object to the Permit for the Project. Plaintiffs and their members have a substantial interest in ensuring that EPA complies with federal law, including the requirements of the Clean Air Act.

19. The acts and omissions of EPA alleged herein further deprive Petitioners and their members of procedural rights and protections to which they are entitled. During the permitting process for the Project, Petitioners provided comments critical of the Permit's conditions. Subsequently, Petitioners petitioned EPA to object to the issuance of the Permit. The Clean Air Act gives Petitioners a procedural right to a timely decision on their Petition. EPA's failure to take action on the Petition prevents Petitioners and their members from challenging an unfavorable EPA decision or from benefiting from a favorable decision on the Petition.

20. For all the foregoing reasons, the failures complained of herein cause Plaintiffs and their members injuries for which they have no adequate remedy at law. Granting the requested relief would redress these injuries.

21. Defendant EPA is the federal agency charged with implementation of the Clean Air Act.

22. Defendant Gina McCarthy is the Administrator of EPA, and is responsible for implementation and enforcement of the Clean Air Act. Defendant McCarthy is sued in her official capacity, and officially resides in Washington, D.C.

23. Defendant Jared Blumenfeld is the Regional Administrator of EPA for the Pacific Southwest (Region 9), and is responsible for implementation and enforcement of the Clean Air Act within California. Defendant Blumenfeld is sued in his official capacity, and officially resides in San Francisco, California.

**LEGAL BACKGROUND**

24. The Clean Air Act establishes a comprehensive scheme "to protect and enhance the quality of the Nation's air resources so as to promote the public health and welfare and the productive capacity of its population." 42 U.S.C. § 7401(b)(1). To help meet this goal, the 1990 amendments to the Clean Air Act created the Title V permit program—an operating permit program that applies to all major sources of air pollution. *See* 42 U.S.C. §§ 7661-7661f.

25. Major sources of air pollution must obtain a valid Title V operating permit, which records all of the air pollution control requirements that apply to a major source of air pollution. Major sources of air pollution cannot legally discharge pollutants into the air unless they have a valid Title V operating permit. 42 U.S.C. § 7661a(a), 7661c(a).

26. A significant modification to an existing Title V operating permit must meet the requirements that apply to issuance of a Title V operating Permit. *See* U.S.C. § 7661a(a); 40 C.F.R. § 70.7(e), (h).

27. The Clean Air Act provides that the Administrator may approve state programs to administer the Title V permitting program with respect to sources within their borders. *See* 42 U.S.C. § 7661a(d). The Administrator granted final approval to 34 district Title V programs in California, including for the San Joaquin Valley Air Pollution Control District, in 2003. *See* 68 Fed. Reg. 65,637 (Nov. 21, 2003). The California Air Resources Board is responsible for monitoring the activity of local air districts.

28.     Before a state or local district with an approved Title V permit program can issue a Title V permit or significant modification to a Title V permit, the state or district must forward the proposed Title V permit to EPA. 42 U.S.C. § 7661d(a)(1); 40 C.F.R. § 70.8(a). EPA then has 45 days to review the proposed permit. 42 U.S.C. § 7661d(b)(1).

29.     Air District Rule 2520 allows the Air District to issue a "Certificate of Conformity" as a means of processing a significant modification to a Title V permit. *See* San Joaquin Valley Air Pollution Control District Rule 2520 §§ 3.7, 5.3.3.

30.     A Certificate of Conformity prompts EPA review of the proposed Title V permit changes before construction or modification of the permitted facility and states that procedural requirements substantially equivalent to those of 40 C.F.R. sections 70.6 (covering permit content); 70.7 (covering permit issuance and revision); and, 70.8 (covering permit review by EPA) have been followed. *Id*. § 3.7. EPA has 45 days to review a Certificate of Conformity and underlying proposed changes to a Title V facility. *Id*. § 11.3.7.

31.      Pursuant to a Certificate of Conformity, modifications to a Title V permit may subsequently be processed as an administrative amendment to the permit without additional EPA review or public participation. *Id*. §§ 3.2, 3.7, 6.4.

32.     EPA must object to the issuance of a permit if EPA finds that the permit does not comply with all applicable provisions of the Clean Air Act. 42 U.S.C. § 7661d(b)(1); 40 C.F.R. § 70.8(c).

33.     If EPA objects to a permit, the permitting authority may not issue the permit unless it is revised. 42 U.S.C. § 7661d(b)(3). If the permitting authority has issued a permit prior to receipt of an objection by the Administrator, the Administrator shall modify, terminate, or revoke such permit. *Id.*

34.     After EPA's 45-day review period expires, "any person may petition the Administrator within 60 days" to object to the proposed permit. 42 U.S.C. § 7661d(b)(2); 40 C.F.R. § 70.8(d).

35. The Clean Air Act requires that "[t]he Administrator shall grant or deny such petition within 60 days after the petition is filed." 42 U.S.C. § 7661d(b)(2).

36. If EPA fails to comply with a non-discretionary duty, such as acting on a petition within the statutorily mandated timeframe, the Clean Air Act allows any person to bring suit to compel EPA to perform its duty. 42 U.S.C. § 7604(a).

## FACTS

37. The Alon USA – Bakersfield, California Refinery facility is a major stationary source of air pollution located in Bakersfield, California that has been mostly idle since 2008. The Refinery is capable of processing 70,000 barrels of crude oil per day at full capacity.

38. The Refinery is subject to an existing Title V permit, issued on February 28, 2003.

39. On October 25, 2013, Alon applied to the Air District for an Authority to Construct / Certificate of Conformity to modify the Refinery and expand the Refinery's crude rail terminal.

40. The proposed Project would entail a five-fold increase in the Refinery's capacity to import crude oil, *from 40 tank cars per day to 208 tank cars per day*, or up to 63.1 million barrels of crude oil per year. This increased influx of crude would allow the shuttered Refinery to restart and run at its full processing capacity of 70,000 barrels of crude oil per day.

41. The public health implications of the Project are significant. The Project would result in the release of harmful air pollution, including significant levels of oxides of nitrogen (NOx) and volatile organic compounds (VOCs). NOx and VOCs are ozone "precursors" that react in the presence of sunlight to create ground-level ozone (or "smog"), for which the San Joaquin Valley is already in "extreme" nonattainment.

42. Smog causes severe public health and related effects, which may include chronic respiratory illnesses, emergency room visits, premature death, missed school days, medical bills, lost wages, and reduced worker productivity.

//
//
//

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** 7

**Procedural Background**

43. The Air District published notice of its preliminary decision on the Permit on October 14, 2014 ("Preliminary Decision"), triggering a 30-day comment period on the Preliminary Decision.

44. Petitioners submitted comments objecting to the proposed Permit on a number of grounds to the Air District during the comment period, on November 19, 2014.

45. The Air District determined as part of its Preliminary Decision that the proposed Project "modification can be classified as a significant Title V modification pursuant to Rule 2520, and can be processed with a Certificate of Conformity (COC)."

46. Processing the modification with a Certificate of Conformity allows Alon to amend its Title V Permit for the Refinery administratively under the theory that the procedural requirements for the Permit would be "substantially equivalent" to those set forth in 40 C.F.R §§ 70.7 and 70.8. District Rule 2520 §§ 3.7, 5.3.3., 11.3. The Air District explicitly stated in its Preliminary Decision that, "[s]ince the facility has specifically requested that this project be processed [with a Certificate of Conformity"], the 45-day EPA comment period will be satisfied prior to the issuance of the Authority to Construct."[1]

47. EPA did not raise objections to the Permit during the 45-day review period.

48. The Air District issued the Authority to Construct/Certificate of Conformity for the Project on March 19, 2015.

49. On December 16, 2014, AIR, the Center for Biological Diversity, and Sierra Club filed a petition requesting that the Administrator object to the issuance of the Permit on several grounds, including that the Permit:

- fails to consider and apply Best Available Control Technology;
- fails to properly calculate the emissions increase that must be offset because it relies on an improper emissions baseline;

---

[1] Proposed Decision, http://www.valleyair.org/notices/Docs/2014/10-14-14_%28S-1134224%29/S-1134224-1134223.pdf, at p. 2.

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**                                                        8

- severely underestimates the Project's emissions of VOCs by relying on flawed assumptions about the crude oils that will be stored and processed at the Refinery;
- improperly exempts from emissions offset requirements existing heaters that will be retrofitted; and
- relies on invalid emissions reduction credits.

The Petition was timely filed within 60 days following the conclusion of EPA's review period. *See* 42 U.S.C. § 7661d(b)(2).

50. The Petition was based on objections raised during the public comment period for the proposed permit or on grounds that arose subsequent to the public comment period, in accordance with 42 U.S.C. § 7661d(b)(2) and 40 C.F.R §§ 70.8(d), 70.7(h).

51. EPA had 60 days, until February 16, 2015, to grant or deny the Petition. 42 U.S.C. § 7661d(b)(2). As of the date of filing of this complaint, EPA has not yet granted or denied the petition.

52. By letter dated December 14, 2015, Plaintiffs provided the Administrator with written notice of their intent to sue for EPA's failure to take action on the Petition. The Administrator received this notice letter via certified mail on or before December 21, 2015. More than 60 days have elapsed since Plaintiffs gave notice, and EPA remains in violation of the law.

**CLAIM FOR RELIEF**
**(Failure to Grant or Deny Petition)**

53. Plaintiffs hereby incorporate all previous paragraphs by reference herein.

54. The Administrator had a mandatory duty to grant or deny the Petition within 60 days after it was filed. See 42 U.S.C. § 7661d(b)(2).

55. It has been more than 60 days since the Administrator received the Petition requesting that EPA object to the Permit for the Refinery.

56. Defendants' failure to timely complete this duty constitutes failure to perform an act or duty that is not discretionary within the meaning of 42 U.S.C. § 7604(a)(2).

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** 9

57. Defendants' failure to perform this nondiscretionary act under the Clean Air Act is ongoing. Plaintiffs are informed and believe that the omissions complained of herein will continue unless enjoined by order of this Court.

58. Accordingly, Plaintiffs are entitled to an order from this Court declaring that Defendants have failed to perform the above-referenced nondiscretionary duty, and directing Defendants to perform such duty immediately.

**RELIEF REQUESTED**

WHEREFORE, Plaintiffs respectfully request that the Court:

(A) Declare that Defendants' failure to act as complained of herein constitutes a failure to perform a nondiscretionary duty required by 42 U.S.C. § 7661d(b)(2), and within the meaning of 42 U.S.C. § 7604(a)(2);

(B) Issue a an order compelling the Administrator to perform her mandatory duty to grant or deny the Petition, by an expeditious certain date;

(C) Retain jurisdiction over this action to ensure compliance with the Court's orders;

(D) Award Plaintiffs their reasonable costs of litigation, including attorneys' fees, pursuant to 42 U.S.C. § 7604(d); and

(E) Grant such other relief as the Court deems just and proper.

DATED:  April 13, 2016                   Respectfully submitted,

                                                                /s/ James Birkelund
JAMES M. BIRKELUND, Cal. Bar No.206328
Climate Change Law Foundation
548 Market St., #11200
San Francisco, CA 94104
james@climatechangelaw.org
Tel: 415-602-6223; Fax: 415-789-4556

*Attorney for Plaintiffs Climate Change Law Foundation and Association of Irritated Residents*

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**　　　　　　　　　　10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

      /s/ Maya  Golden-Krasner
MAYA GOLDEN-KRASNER, Cal. Bar No. 217557
The Center for Biological Diversity
P.O. Box 1476
La Canada Flintridge, CA 91012
mgoldenkrasner@biologicaldiversity.org
Tel: 213-215-3729; Fax: 510-844-7150

*Attorney for Plaintiff Center for Biological Diversity*


      /s/ Elizabeth Benson
ELIZABETH BENSON, Cal. Bar No. 268851
Sierra Club
85 Second Street, 2nd Floor
San Francisco, CA 94105
elly.benson@sierraclub.org
Tel: 415-977-5723; Fax: 415-977-5793

*Attorney for Plaintiff Sierra Club*

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**  11